## LONNIE WILLIAMS V. THE STATE.

No. 23061. Delivered February 7, 1945.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

We adopt the State's brief as a portion of this opinion, as follows:

"The appellant was indicted in the Criminal District Court of Tarrant County, Texas, and charged with the offense of robbery by assault; and, upon a trial before a jury, his punishment was assessed at five years in the penitentiary.

"The alleged injured party, Lewis C. Thetford, was a sergeant in the United States Army, stationed at Camp Wolters,

and on the night of the alleged offense he had started to Dallas, Texas, to visit his brother, who was in the Veterans' Hospital at Dallas. It was necessary for him to change busses in Fort Worth and when arriving in Fort Worth he was advised that he would have an hour and a half or two hours in Fort Worth before he could get a Dallas bus. From the bus station he went to Angelo's Cafe. There he met a man he had formerly known in Fort Worth; and seated with this man was a woman by the name of Fay Sumerall. Thetford joined them and they drank two bottles of beer. The three then went to the 66 Club. From there said injured party and Fay Sumerall, at her suggestion, went to another place called Cow Shed, a night club, riding the bus to this place. Appellant and his companion, Howard Dodd, were at the Cow Shed. They, however, were strangers to Sgt. Thetford, but he did see and observe them at the Cow Shed, and Fay talked with them. After remaining at the Cow Shed for a comparatively short time the Sergeant and Fay left, apparently intending to go back to town in order that the sergeant could catch his bus to Dallas. As they left the Cow Shed appellant and his companion were on the outside and Fay talked with them, but out of the hearing of the sergeant. The sergeant and Fay started walking towards town, intending to catch a bus, and before they had gone very far appellant and his companion came by in an automobile, picking up the sergeant and his companion, Fay. The sergeant testified that appellant was driving the car, and, at Fay's suggestion, drove out on the Jacksboro Highway and turned in at the Jacksboro Tourist Court, but that the negro porter told Howard Dodd they did not have a room. From there they drove out on another highway to a place which was closed, then, started back to town, and as the sergeant testified, when they got over the other side of the court house two or three hundred yards down a dark street, which he believed to be Belknap, appellant stopped the car at the curb, one of them saying 'This is it,' Howard Dodd shoved a gun in his stomach and told him to 'reach.' Both the men and Fay got out of the car and were standing on the sidewalk near the sergeant, and the girl, Fay Sumerall, took the sergeant's billfold out of his shirt pocket, which contained $147.00 and his army papers. The girl then ran towards town and appellant and his companion got in the car and drove, leaving the sergeant there. He went immediately to the M. P. station and reported what had occurred.

"The facts are sufficient to support the conviction, and the proceedings appear regular. No exception to the court's charge or requested charge was filed, and appellant brings forward only one bill of exception in which he complains that Sgt. Thet-

ford, the injured party, had testified that he did not know the name of the military policeman to whom he had reported the robbery; that thereafter the State called as a witness Ellis Blessing, an investigator for the District Attorney of Tarrant County, who testified, among other things, that the name of the military policeman was Sgt. Thompson, but that at the time of the trial he was attending a military policemens' school at Battle Creek, Michigan. After he had finished his testimony appellant filed a motion, pleading surprise, and asked that he be permitted to withdraw his announcement of ready, and that the case be continued for the reason alleged that appellant did not know the military policeman was absent and could not be had, did not know his name or location. Appellant further alleged that he desired to take the deposition of the soldier in question, for the purpose of showing that at the time the injured party appeared at the city hall he was in an extreme drunken condition.

"The court overruled said motion and qualifies appellant's bill to the effect that the evidence showed the injured party had reported the matter to some officer in the Criminal Courts Building and that he had later been taken to the city hall, where he reported the matter to some military police, and that, upon a hearing of appellant's amended motion for new trial, appellant offered no testimony, made no showing of any kind as to what the witness Thompson would testify if he were present, but that the State presented a telegram from the witness Thompson, purporting to be in the form of an affidavit, stating that on the occasion when he received the report of said robbery that Sgt. Thetford was not intoxicated and showed no evidence whatever that he was under the influence of liquor.

"In this connection it is obvious that appellant used no diligence and had not put forth any effort to learn to whom the sergeant had reported said matter, nor to ascertain any facts or information concerning same. Obviously this bill fails to reflect error."

Appellant denies any participation in the robbery and testified about as did the injured party, except he denied any pistol being exhibited, or any robbery by force of any kind. He leaves the inference that the woman Fay Sumerall took Tetford's money, probably with his consent, and then "took off" or left; that he and his companion took the drunken Thetford, readjusted his clothing, put him out of the car and left him near the court house in Fort Worth, the woman having left prior to that time. Appellant's vehement denials were evidently given

scant consideration by the jury as evidenced by their verdict, and we do not feel disposed to disturb their finding.

The judgment is therefore affirmed.